UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 20-_____-CIV-X/X

**Yousi Mazpule**, individually,

    Plaintiff,

vs.

**Xenios Corp.**, a for profit Florida corporation, d/b/a "Tomson Hospitality Boutique" and/or "Tomson Hospitality";
**Tommaso Cardana**, individually, and;
**Alejandro Melo** individually,

    Defendants.

## COMPLAINT

Plaintiff, Yousi Mazpule, sues Defendants, Xenios Corp. d/b/a "Tomson Hospitality Boutique" and/or "Tomson Hospitality"; Tommaso Cardana, individually; and Alejandro Melo, individually, and alleges:

## JURISDICTIONAL ALLEGATIONS

1.    This is an action for damages caused by unlawful employment practices, unpaid statutory wages and common law wages, and to recover money damages, liquidated damages, and other relief including equitable relief, brought under both federal and state statutes and common law tort theory.

2.    The Court enjoys subject matter jurisdiction in accordance with 28 U.S.C. §§1331, 1337, and 1367. This is an action brought, *inter alia*, under the laws of the United States, over matters pertaining to commerce, and over which the Court has supplemental jurisdiction. This Court also enjoys jurisdiction, expressly provided by, *inter alia,* the Fair Labor Standards Act ("FLSA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq*.,

("Title VII"); the Florida Civil Rights Act of 1992 ("FCRA"), §760.01, *et seq*., Florida Statutes (1992), and; the Florida Minimum Wage Act.

3. Plaintiff Mazpule, at all times material to this case, was an individual residing in the state of Florida. Plaintiff Mazpule worked jointly for a conglomerate of related entities and persons who together operate businesses under the moniker "Tomson Hospitality", as a single entity. The conglomerate includes Defendants Xenios Corp., Tommaso Cardana, Alejandro Melo, and possibly also Tomson, Inc. and others.

4. Plaintiff Mazpule is an "employee" "employed" by Defendants Xenios Corp. and Tommaso Cardana, within the meaning of 29 U.S.C. §203(e) and Fla Stat. §448.110 and 760.01.

5. Plaintiff Mazpule is also an employee of Defendants Xenios Corp. and Tommaso Cardana within the meaning of 42 U.S.C. §2000e (f), and Fla. Stat. §760.02(7).

6. At all times material hereto, Plaintiff Mazpule was employed at a worksite at which Defendants, each of them or jointly, employed at least 15 or more employees for jurisdictional purposes.

7. Defendant Xenios Corp ("Xenios"), at all times material to this action, was a Florida for profit corporation and an "Employer" within the meaning of 42 U.S.C. §2000e (b) and Fla. Stat. §760.02(7) and 29 USC §203(d).

8. Defendant Tommaso Cardana is an individual and principal of "Xenios" and the related conglomerate entities and an employer within the meaning of 29 U.S.C. 203(d), 42 U.S.C. §2000e (b), and Fla. Stat. §760.02(7).

9. Defendant Alejandro Melo is an individual and managing employee and agent of "Xenios" d/b/a "Tomson Hospitality" and the related conglomerate entities acting both individually and as a management employee.

2

10. Defendants, each of them individually and together as a group, are a "person" and an "employer" within the meanings of the 29 U.S.C. § 203 (a) and (d) and may be hereinafter referred to as the "Employer". Moreover, this same "Employer", each individually or together, were engaged in commerce within the meaning of 29 U.S.C. § 203(s).

11. Plaintiff Mazpule has exhausted her administrative remedies under the statutes pursuant to which this lawsuit is brought, if any. On December 10, 2019, she dual filed her charge of discrimination against the Defendants with the United States Equal Opportunity Commission ("EEOC") and the Florida Commission of Human Relations ("FCHR"). A copy of the Charge of Discrimination is attached as **Exhibit 1.** On September 23, 2020, the EEOC issued a Notice of Right to Sue letter, a copy of which is attached as **Exhibit 2**. Plaintiff Mazpule filed this lawsuit within ninety (90) days of receipt of the EEOC's Notice of Right to Sue letter.

12. Venue is proper in this Court in that Plaintiff Mazpule worked primarily from Defendants' offices in Miami-Dade County, Florida, and because the unlawful conduct of the Defendants occurred in Miami-Dade County, Florida.

## ATTORNEY'S FEES

13. Plaintiff Mazpule has engaged the services of the undersigned attorneys to prosecute this action, and has agreed to pay a reasonable attorney's fee for their service.

## ENTITLEMENT TO ATTORNEY'S FEES

14. Plaintiff Mazpule is entitled to and demands an award of prevailing party attorney's fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219; Title VII, 42 U.S.C. §2000e-5(k); the Florida Civil Rights Act, §760.11(5), and; the Florida Wage Act, Florida Statute §§448.08 and 448.110(c).

## FACTUAL ALLEGATIONS

15. Plaintiff Mazpule was hired by the Employers on or about November 1, 2019 and worked continuously until her termination from employment later the same month.

16. On or about November of 2019, during the first week of Plaintiff's employment, Defendant Alejandro Melo expressed hostility toward Plaintiff, refused to speak with her in the workplace, and twice made unwanted physical contact with her in order to avoid interacting with her and receiving or exchanging work-related communications with her.

17. Thereafter, also during the first week of Plaintiff's employment, Plaintiff Mazpule advised, *inter alia*, Defendants Xenios Corp. and Cardana, that Defendant Alejandro Melo expressed hostility toward Plaintiff, refused to speak with her in the workplace, and twice made unwanted physical contact with her in order to avoid interacting with her and receiving or exchanging work-related communications with her.

18. At the time Plaintiff Mazpule communicated her concerns regarding Defendant Alejandro Melo's behavior to Defendants, Defendant Cardana apologized for not warning Plaintiff Mazpule about Defendant Alejandro Melo's attitude toward women, and indicated that Defendant Alejandro Melo would never listen to anything Plaintiff Mazpule might have to tell him.

19. The following day, Defendant Cardana informed Plaintiff Mazpule that she was terminated from employment because Defendant Alejandro Melo was too valuable as a warehouse manager to terminate.

## – COUNT I –
## VIOLATION OF "FAIR LABOR STANDARDS ACT" AND THE "FLORIDA MINIMUM WAGE ACT" AGAINST DEFENDANTS XENIOS CORP AND TOMMASO CARDANA
### (Failure To Pay Minimum Wages)

Plaintiff realleges ¶¶1-4, 7-8, 10, 12-15 as though fully set forth herein.

20. At all times during her employment, the Plaintiff was an employee required to be finally and unconditionally paid a minimum hourly wage for every hour worked during each pay period.

21. The Employer/Defendants establish a bi-weekly pay period, with pay day being every other Thursday, for the pay period ending the previous Friday, or six days in arrears.

22. Since on or about November 2019 through the present, the Employer violated the provisions of the FLSA, 29 U.S.C. §206 and §215(a)(2) by failing to pay the Plaintiff even a minimum hourly wage during any and every applicable pay period by, among other factors: (a) failing to finally and unconditionally pay at least the applicable minimum hourly wage for every hour worked during numerous covered pay periods, as required by law; (b) withholding Plaintiff's wages as a negotiating tactic, and; (c) by failing to make timely wage payments on the regularly scheduled pay date established by the Employer.

23. At all times material to this action, the Employer failed to comply with 29 U.S.C. Sections 201-219 and 29 C.F.R., Sections 516.1, *et. seq.* in that Plaintiff performed services for the benefit of the Defendants for which she was not timely paid, and was not paid at all on any regularly scheduled payday, which non-payment of wages constitutes minimum wage violations both under federal law and under applicable Florida law and Constitution, which occasionally higher minimum wage rates are made applicable under the FLSA.

24. The Employer knew or showed a reckless disregard for the provisions of the FLSA concerning the payment of minimum wages and remains owing the named Plaintiff a minimum wage for every hour worked during her employment, and an equal amount as liquidated damages.

WHEREFORE, Plaintiff, demands the following: payment of unpaid minimum hourly wages for every hour worked by her during each pay period; an additional like amount as liquidated

damages; an award of reasonable attorney's fees and costs, and; any and all such other relief which this Court may deem reasonable under the circumstances, including an award of accrued interest as a lesser alternative to liquidated damages.

## – COUNT II –
## BREACH OF AGREEMENT TO PAY
## AGREED UPON WAGES AGAINST XENIOS CORP.
### (Failure to Pay Wages)

Plaintiff realleges ¶¶1-4, 7-8, 10, 12-15 as though fully set forth herein.

25. At all times during her employment, Plaintiff was an employee whom the Employers had agreed to pay at a specific negotiated rate of pay.

26. At the time Plaintiff was involuntarily terminated from her employment, she was owed unpaid wages in accordance with her negotiated wages, all of which Defendants have withheld and remains due and owing.

27. Plaintiff has fulfilled any condition precedent -- if any -- to making this claim for unpaid wages.

28. The Employers breached the agreement to pay wages and costs, and as a result are unjustly enriched by the services rendered and costs advanced on their behalf.

WHEREFORE, Plaintiff demands the following: payment of all accrued unpaid wages in an amount to be proven at the time of trial; accrued interest on those sums at the applicable judgment rate of interest, and; an award of reasonable attorney's fees and costs.

## – COUNT III –
## TITLE VII GENDER DISCRIMINATION
## AGAINST DEFENDANTS XENIOS CORP AND TOMMASO CARDANA

Plaintiff realleges ¶¶1-3, 5-8, 11-19 as though fully set forth herein.

25. Plaintiff Mazpule is a member of protected classes in that she is a woman.

26. Plaintiff Mazpule was not provided the same terms, conditions, and privileges of employment as other employees outside of her protected class.

27. Other employees not in her protected class were treated differently and more favorably than Plaintiff.

28. Plaintiff Mazpule has not been permitted to perform her job function in a manner consistent with her job description, because of her gender.

29. Plaintiff Mazpule was subjected to disparate treatment on the basis her gender.

30. Defendants intentionally discriminated against Plaintiff Mazpule in violation of Title VII, 42 U.S.C. § 2000e *et seq.* based upon her gender.

31. The Defendants' acts of discrimination were performed with malice and reckless indifference to Plaintiff Mazpule's protected civil rights.

32. As a direct and proximate result of the disparate treatment, Plaintiff Mazpule suffered economic and compensatory damages, loss of reputation, embarrassment, humiliation, inconvenience, and other compensatory damages.

WHEREFORE, Plaintiff Yousi Mazpule demands the following relief: Compensatory damages, economic damages, pre-judgment interest, injunctive relief, attorney's fees and costs, and all other relief allowed by law including punitive damages.

## – COUNT IV –
## GENDER DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT AGAINST DEFENDANTS XENIOS CORP AND TOMMASO CARDANA

Plaintiff realleges ¶¶1-3, 5-8, 11-19 as though fully set forth herein.

33. Plaintiff Mazpule is a member of protected classes in that she is a woman.

34. Plaintiff Mazpule was not provided the same terms, conditions, and privileges of employment as other employees outside of her protected class.

35. Other employees not in her protected class were treated differently and more favorably than Plaintiff.

36. Plaintiff Mazpule has not been permitted to perform her job function in a manner consistent with her job description, because of her gender.

37. Plaintiff Mazpule was subjected to disparate treatment on the basis her gender.

38. Defendants intentionally discriminated against Plaintiff based upon her gender in violation of the Florida Civil Rights Act.

39. The Defendants' acts of discrimination were performed with malice and reckless indifference to Plaintiff's protected civil rights.

40. As a direct and proximate result of the disparate treatment, Plaintiff Mazpule suffered economic and compensatory damages, loss of reputation, embarrassment and humiliation, inconvenience.

WHEREFORE, Plaintiff Yousi Mazpule demands the following relief: Compensatory damages, economic damages, pre-judgment interest, injunctive relief, attorney's fees and costs, and all other relief allowed by law including punitive damages.

## – COUNT V –
## TITLE VII RETALIATION
## AGAINST DEFENDANTS XENIOS CORP AND TOMMASO CARDANA

Plaintiff realleges ¶¶1-3, 5-8, 11-19 as though fully set forth herein.

41. Plaintiff Mazpule is a member of protected classes in that she exercised a protected right by complaining to her supervisor, Defendant Cardana, about the gender discrimination and harassment, including physical harassment, by Defendant Alejandro Melo in the workplace.

42. The Defendant retaliated against Plaintiff Mazpule by, among other things, terminating her employment and then withholding her wages, as a negotiation tactic because she

complained about gender discrimination and physical harassment in the workplace by a management employee: Defendant Alejandro Melo.

43. Title VII proscribes retaliation against the exercise of rights protected by Title VII.

44. Defendants knew of the retaliation but failed to redress it.

45. As a direct and proximate result of the retaliation, all in violation of Title VII, Plaintiff Mazpule suffered economic and compensatory damages, loss of reputation, embarrassment and humiliation, inconvenience.

WHEREFORE, Plaintiff demands the following relief: Compensatory damages, economic damages, pre-judgment interest, injunctive relief, attorney's fees and costs, and all other relief allowed by law including punitive damages.

## – COUNT VI –
## RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT AGAINST DEFENDANTS XENIOS CORP AND TOMMASO CARDANA

Plaintiff realleges ¶¶1-3, 5-8, 11-19 as though fully set forth herein.

46. Plaintiff Mazpule is a member of protected classes in that she exercised protected rights by complaining to her supervisor, Defendant Cardana, about the gender discrimination and harassment, including physical harassment, by Defendant Alejandro Melo in the workplace.

47. The Defendants retaliated against Plaintiff Mazpule by, among other things, terminating her employment and then withholding her wages, as a negotiation tactic because she complained about gender discrimination and physical harassment in the workplace by a management employee: Defendant Alejandro Melo.

48. The Florida Civil Rights Act proscribes retaliation against persons who exercise of rights protected by Title VII and or the Florida Civil Rights Act.

49. Defendants knew of the retaliation but failed to redress it.

50. As a direct and proximate result of the retaliation, all in violation of Title VII, Plaintiff Mazpule suffered economic and compensatory damages, loss of reputation, embarrassment and humiliation, inconvenience.

WHEREFORE, Plaintiff demands the following relief: Compensatory damages, economic damages, pre-judgment interest, injunctive relief, attorney's fees and costs, and all other relief allowed by law including punitive damages.

### – COUNT VII –
### COMMON LAW TORT OF BATTERY
### AGAINST DEFENDANTS XENIOS CORP AND ALEJANDRO MELO

Plaintiff realleges ¶¶1-3, 12, 15-16 as though fully set forth herein.

51. Defendant Alejandro Melo acted intentionally and both individually and as a management employee of Defendant Xenios Corp. by intentionally making physical contact against the person of Plaintiff Yousi Mazpule.

52. The described conduct by Defendants was unwelcome and harmful.

53. As a direct and proximate result of these actions, Plaintiff suffered harm.

**WHEREFORE**, Plaintiff demands judgment for: Compensatory damages, pain and suffering, humiliation and degradation.

### DEMAND FOR JURY TRIAL

54. Plaintiff demands a trial by jury over all issues so triable.

Dated: October 26, 2020

ANTHONY F. SANCHEZ, P.A.
ATTORNEYS FOR PLAINTIFF
6701 SUNSET DRIVE, SUITE 101
MIAMI, FLORIDA 33143
TEL.:   305-665-9211
FAX:    305-328-4842
EMAIL:  afs@laborlawfla.com

BY:  /S/ ANTHONY F. SANCHEZ
     ANTHONY F. SANCHEZ
     FLORIDA BAR NO. 789925