UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-24393-CIV-MOORE/LOUIS

**Yousi Mazpule**, individually,

      Plaintiff,

vs.

**Xenios Corp.**, *et al.*,

      Defendants.

## PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO DISCOVERY REQUESTS BY DEFENDANTS

Plaintiff, Yousi Mazpule, pursuant to Fed.R.Civ.P. 37 and S.D.Fla. L.R. 7.1, moves for the entry of an order compelling relief for Defendants evasive and incomplete responses and unfounded objections served in response to Plaintiff's First Request for Production of Documents and First Set of Interrogatories, and in support thereof states:

### I.    PROCEDURAL BACKGROUND

1.    Plaintiff filed her Complaint [DE 1] on October 26, 2020, alleging, *inter alia*, she was terminated discriminatorily, and in retaliation for exercise of protected rights, in violation of Title VII and Florida Civil Rights Act, and that she was denied payment of her wages in an effort to negotiate a release of all claims, which is a violation of her rights under both common law, and under the Fair Labor Standards Act ("FLSA"). She also alleges that prior to her termination, a management employee committed the tort of battery against her by unwanted physical contact.

2.    On April 19, 2021, Plaintiff served her First Set of Interrogatories and First Request for Production of Documents upon Defendants, attached as **Exhibits 1 and 2**, respectively.

3.    Defendants responded untimely, evasively, and effectively by refusing to respond.

### II.    GENERAL NATURE OF, AND PROBLEMS WITH, OBJECTIONS/RESPONSES.[1]

4.    **Responses and Objections are Untimely**. As a preliminary matter, although Defendants' discovery responses were due no later than May 19, 2021, they were not, in fact, served

---

[1] /    As required by Local Rule 26.1(g)(2), each discovery item and objectionable response is quoted verbatim at § IV, pp. 5-19, *infra*.

until May 20, 2021 (see **Exhibits 3 and 4**, emails attaching Defendants' discovery responses dated May 20, 2021), rendering Defendants' discovery responses untimely and, thus,  any objections waived. See Rule 33(b)(4), Fed. R. Civ. P. ("Any ground not stated in a timely objection is waived unless the Court, for good cause, excuses the failure"); untimely objections "shall be waived". S.D. Fla. LR 26.1(e)(2)(A). The discovery deadline is May 24, 2021. No leave or extension was sought, although Defendants conferred about such relief, but never sought relief.

5.     **Boilerplate Preamble Objections**. The responses to each discovery request includes a general preamble objection to all discovery items, and then separately objects to each individual discovery item, even when some discovery is provided. Almost every item of the discovery requested is preceded by the catch-all disclaimer, "notwithstanding the foregoing objection and without waiving it". Such responses are in fact no response at all, since Defendants never say what is withheld on account of the objections. This is clearly improper and wasteful. Rule 34(b)(2)(C), Fed R. Civ. P. ("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.")

6.     **Formulaic Objections**. When a response is actually provided, it is prefaced by "formulaic objections" which baldly assert that discovery is, *inter alia*, "**unduly burdensome**", "**overly broad**", "**irrelevant**", and "**vague and ambiguous**". These formulaic objections are also improper and do not comply with Local Rule 26.1(e)(2)(A), which states: "[w]here an objection is made to any interrogatory or sub-part thereof or to any production request under Federal Rule of Civil Procedure 34, the objection must state with specificity all grounds." Blanket, unsupported objections that a discovery request is "vague, overly broad, or unduly burdensome" are, by themselves, meaningless, and the Court must disregard such objections. A party objecting on these bases **must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome**. *See* Fed. R. Civ. P. 33(b)(4) (the ground for objecting to an interrogatory "must be stated with specificity"); *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982) ("the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory."). Also, testimony or evidence is usually necessary to show how a particular request is objectionable. However, no supporting evidentiary basis or explanation is ever provided. Neither did Defendants attempt to seek clarification of any supposedly "vague" discovery request prior to serving the objections.

7.     **Privilege Objections**. Defendants also routinely assert unexplained objections purporting to assert "privilege" or "work product" protection. No explanation or log is ever included.

This is insufficient and actually operates as a waiver of the asserted privilege. Local Rule 26.1(g)(3). Generalized objections asserting attorney-client privilege or the work product doctrine do not comply with the Local Rules. S. D. Fla. L. R. 26.1(e)(2)(B) requires that such objections identify the specific nature of the privilege being asserted, and identify details such as the nature and subject matter of the communication at issue, the sender and receiver of the communication and their relationship to each other. The Local Rule also requires the preparation of a privilege log except for "communications between a party and its counsel after commencement of the action and work product material created after commencement of the action."

8.    **Perfunctory Defense Objections**. Defendants also repeatedly assert perfunctory defense objections which assert that discovery is objectionable because the Defendants purport to have asserted a defense that they are not an employer, and therefore should not have to produce discovery regarding that defense. For example, Defendants frequently object to discovery requesting personnel records on the grounds that they were not an employer, or that they had a relationship with a corporate incarnation of the individual plaintiff rather than the Plaintiff herself. Defendants do this even though each discovery request expressly accounts for such an assertion, and no request is ever predicated upon any legal conclusion. *Such objections are repeated eleven (11) times in response to discovery requests. Thus, by merely taking this position, Defendant opts out of the discovery process altogether and would preclude any discovery pertaining to this preposterous defense.* The objections are frivolous. "[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 352 (1978). Discovery on this defense is required.

9.    **"Which Defendant?" Objections**. Defendants were all served with discovery and are all represented by the same attorneys. Yet they quizzically, repeatedly, and selectively object on the basis that they don't know which defendant is required to respond or answer. They do so even though all responses and objections are provided jointly, and have not even verified interrogatories. The objection is simply indecipherable and causes waste of judicial resources.

10.    **"I don't know what that word means" Objections**. The Defendants also assert objections based upon their inability to know what certain words and phrases mean. Such conveniently difficult words and phrases include: "role", "relationship", "insurance policy", "touch upon", "information", "personnel policies or protocols", "policies and procedures", and "organizational structure". This too is cynical and wasteful. No effort was sought for clarification, nor is clarification necessary in each case.

11.      **Temporal Scope Objections**. Defendants' responses are littered with other formulaic objections based upon the request being "not limited in time or scope," although each of Plaintiff's requests are explicitly limited in temporal scope. See **Exhibit 1** at p. 5 ("Unless otherwise indicated, all interrogatories should be responded to for the period of time beginning October 26, 2017 through the present.") and **Exhibit 2** at p. 5 ("Unless otherwise indicated, all requests should be responded to for the period of time beginning October 26, 2017 through the present."). Again, there is no indication of what is withheld, or what the temporal scope should be.

12.      **Unverified Interrogatory Answers**. Although the interrogatories were propounded on each Defendant and included discrete *verat* pages, only a single "Defendants' Objections and Unverified Response to Plaintiff's First Set of Interrogatories was served on May 20, and it included no *verat* pages (even in blank) making it difficult to use in cross-examination as a prior inconsistent statement. Thereafter, on May 21, 2021 at 6:00 p.m., and following good-faith conferencing, Plaintiff was served with the identical previously unverified responses, but this time including the verification page of Defendant Tommaso Cardana, apparently in his individual capacity only. No verification has been supplemented for the corporate defendant or for Defendant Alejandro Melo. Verification is required. Rule 33(b)(5), Fed. R. Civ. P. Each Defendant must verify the responses and any supplemental responses which may be ordered.

13.      The nature of the objections and responses make clear that Defendants are refusing to provide discovery in an effort to cause unnecessary expense and delay.

### III.      MEMORANDUM OF LAW

**A.      The Defendants have provided incomplete or evasive responses to discovery requests which are appropriate under the Federal Rules of Civil Procedure.**

Federal Rule of Civil Procedure 26 provides that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Discovery is expected to be accomplished voluntarily with minimal judicial intervention. *See Bell v. Brary and Gillespie, LLC*, No. 6:05-CV-355-ORL19JG, 2006 WL 923741, *1 (M.D. Fla. 2006). The purpose of discovery under the federal rules is to require disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, thereby embodying a fair and just result. *See United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983 (1958)(emphasis added).

It is well established that relevant information need not be admissible at trial to be

discoverable.  Fed. R. Civ. P. 26(b)(1).  The phrase "relevant to the subject matter involved in the pending action" has been construed broadly and encompasses "any matter that bears on, or that reasonably could lead to other matters that bear on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 352 (1978).  "[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Id.*

A party who must resort to judicial intervention to obtain discovery is entitle to relief in accordance with Rule 37, Fed. R. Civ. P. which provides in pertinent part as follows:

> **Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions**
> **(a) Motion For Order Compelling Disclosure or Discovery.**
>     **(1) In General.** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
>                                     *   *   *
>     **(4) Evasive or Incomplete Disclosure, Answer, or Response.** For purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond.

Fed. R. Civ. P. 37(a)(1), (4).

Pursuant to Local Rule 26.1(g)(2) S.D.Fla., Plaintiff now provides verbatim each discovery item, corresponding incomplete or unsatisfactory response, no response, or unfounded objection.

**IV.      OBJECTIONABLE DISCOVERY AND RESPONSES QUOTED VERBATIM**

As required by Local Rules, the following is an item-by-item reiteration of the specific discovery request items and responses, and the reasons why the responses are insufficient.

## INTERROGATORIES

### Interrogatory No. 1

Describe in detail all evidence, including each and every fact, event, statement or incident, including each date upon which such event, statement or incident occurred, which Defendants believe shows, or tends to show, the basis or reasons why the Defendants' relationship with Plaintiff was terminated, whether involuntary or voluntary, and whether Defendants maintain that she was an employee or a contractor.

**Defendants' Response to Interrogatory No. 1**
**Objection:** Defendants object to this request as it is not limited in time or scope. Defendants further object to this Interrogatory because it seeks information that is protected under the attorney client privilege and attorney work product doctrine.

**Answer:** Without waiving the foregoing objection, all interactions between Plaintiff and Defendants between November 4, 2019 and November 11, 2019 support and evidence the reality that Plaintiff was not an employee of Tomson Hospitality, but was paid for her consulting services as an

independent contractor. Tomson Hospitality terminated the services of National Public Relations Management Services ("Management Services") because Management Services did not positively contribute to making Tomson Hospitality run more efficiently and Plaintiff created a hostile work environment at Tomson Hospitality.

**Reason Why the Court Should Compel a Better Response**
As previously stated, the interrogatory is limited in time and scope in the instructions. Moreover, the objection regarding "privilege" and "work product" are patently frivolous, and they are not accompanied by any privilege log, and as such those objections are also waived.

Insofar as the "Answer" is concerned, it is no answer at all, since it merely avoids answering the interrogatory on the frivolous basis that the Defendants assert a supposed defense to liability. This is no basis to avoid responding, as a general position, but especially so since the interrogatory is not premised, nor does it in any way depend upon whether the Plaintiff was an employee or a contractor.

**Interrogatory No. 2**
If any evidence described in answer to Interrogatory No. 1 above involves alleged verbal, written or recorded statement(s) of any person, identify and fully describe the person(s) who allegedly made this/these statement(s) and fully describe the statement(s) including date(s), location(s) and each person to whom the statement(s) was/were made.

**Defendants' Response to Interrogatory No. 2**
**OBJECTION**: Defendants object to this request as it is not limited in time or scope. Defendants further object to this Interrogatory because it seeks information that is protected under the attorney client privilege and attorney work product doctrine.

**Reason Why the Court Should Compel a Better Response**
As previously stated, the interrogatory is limited in time and scope in the instructions. Moreover, the objection regarding "privilege" and "work product" are patently frivolous, and they are not accompanied by any privilege log, and as such those objections are also waived.

**Interrogatory No. 3**
Describe in detail all evidence, including each and every fact, event, statement, or incident, including each date upon which such event, statement or incident occurred, which Defendants believe shows, or tends to support, each affirmative defense raised by Defendants.

**Defendants' Response to Interrogatory No. 3**
**OBJECTION**: Defendants object to this Interrogatory as it is not limited in time or scope.

**ANSWER:** Without waiving the foregoing objection, all interactions between Plaintiff and Defendants between November 4, 2019 and November 11, 2019 support each of our affirmative defenses. The following evidence will be used to support this proposition:

- Emails between Defendants and Plaintiff
- In-person interactions between Plaintiff and employees of Tomson Hospitality
- In-person interactions between Plaintiff and Alejandro Melo
- National Public Relations Management Consulting Services, LLC 11/7/2019 W-9

- Miami Dade Community College Records
- Italkraft Records
- Records from the Florida Secretary of State
- Plaintiff's hours spent at Tomson Hospitality
- The freedom with which National Public Relations Management Consulting Services, LLC was permitted by Tomson Hospitality to carry out its services and schedule its working hours.

## Reason Why the Court Should Compel a Better Response

As previously stated, the interrogatory is limited in time and scope in the instructions. The objection is frivolous and made in bad faith.

Insofar as the "Answer" is concerned, it is no answer at all. The answer is not a sentence as does not mention any of the eighteen affirmative defenses raised in the pleadings. The answer is a list of categories of evidence without any specific reference to any evidence or defense.

## Interrogatory No. 4

Please describe, in complete detail, the organizational structure of Defendants and the relationship between them, including all departments, subsidiary, parent and sister corporations.

## Defendants' Response to Interrogatory No. 4

**OBJECTION**: Defendants object to this Interrogatory as the requested information is not relevant to the claims and defenses in this case and is not likely to lead to admissible information. Defendants further object to this Interrogatory as vague and overbroad. Defendants further object to the extent they are unaware of what is considered "organizational structure" as this phrase is vague and undefined. Further, there are three defendants named in the Complaint and this Interrogatory is not specific at to which Defendant Plaintiff is referring to.

**ANSWER:** Without waiving the foregoing objection, Xenios is the entity's legal name and Tomson Hospitality Boutique or To Hospitality is the dba.

## Reason Why the Court Should Compel a Better Response

The objection is clearly relevant and discoverable given that Defendants deny *any* relationship with the Plaintiff, notwithstanding their possession of her resume, and emails recommending her individually, and forwarding her resume, and her written introduction by Defendant Cardana as his executive assistant with management authority. See attached **Exhibit 5**. The objection also obfuscates what is withheld on account of the objection when providing the "answer".

Insofar as the "Answer" is concerned, it is no answer at all. It does not detail anything about Defendant Melo or Defendant Cardana's relationship to each other or to the corporate Defendant.

## Interrogatory No. 5

Please describe, in complete detail, the manner in which information is kept on employees of Defendants, and whether such information is stored by computer and, if so, the details of such storage and all information that is available regarding that system.

## Defendants' Response to Interrogatory No. 5

**OBJECTION**: Defendants object to this Interrogatory as the requested information is not relevant to

the claims and defenses in this case and is not likely to lead to admissible information. Defendants further object to this Interrogatory as vague and overbroad. Defendants further object to the extent they are unaware of what is considered "information" as this term is vague and undefined. Further, there are three defendants named in the Complaint and this Interrogatory is not specific at to which Defendant Plaintiff is referring to.

**ANSWER:** Without waiving the foregoing objection, Tomson Hospitality stores documents physically and electronically.

**Reason Why the Court Should Compel a Better Response**
The objection is frivolous. Discovery was propounded upon all Defendants, and all Defendants are represented by the same attorneys.

| Interrogatory No. 6 |
|:---:|

Please state the name, gender, and title of all persons who played any role in the decision to hire the Plaintiff (whether as an employee or a contractor) when she was hired and to terminate her employment or services.

**Defendants' Response to Interrogatory No. 6**
**OBJECTION**: Defendants object to this Interrogatory as vague and overbroad. Defendants further object to the extent they are unaware of what is considered a "role" as this term is vague and undefined.

**ANSWER:** Notwithstanding the foregoing objection, Plaintiff was not hired by Defendants. Tomson Hospitality engaged Management Services for its consulting services, no agreement and no working or legal relationship of any sort existed between Mazpule and Tomson Hospitality.

**Reason Why the Court Should Compel a Better Response**
Again, the objection is completely frivolous. The word "role" is a standard and uncomplicated word in the English language, the use of which is in no way objectionable.

Insofar as the "Answer" is concerned, it is no answer at all, since it merely avoids answering the interrogatory on the frivolous basis that the Defendants assert a supposed defense to liability. This is no basis to avoid responding, as a general position, but especially so since the interrogatory is not premised, nor does it in any way depend upon whether the Plaintiff was an employee or a contractor.

| Interrogatory No. 7 |
|:---:|

Please state, with regard to those persons listed in Interrogatory No. 6, the precise role that each person played in the decision to terminate Plaintiff's relationship with the Defendants, regardless of whether Defendants maintain she was an employee or contractor.

**Defendants' Response to Interrogatory No. 7**
**OBJECTION**: Defendants object to this Interrogatory as vague and overbroad. Defendants further object to the extent they are unaware of what is considered a "role" as this term is vague and undefined.

**ANSWER:** Notwithstanding the foregoing objection, *See* Defendants' Answer to Interrogatory No. 6.

**Reason Why the Court Should Compel a Better Response**

Again, the objection is completely frivolous. The word "role" is a standard and uncomplicated word in the English language, the use of which is in no way objectionable.

Insofar as the "Answer" is concerned, it is no answer at all, since it merely avoids answering the interrogatory on the frivolous basis that the Defendants assert a supposed defense to liability. This is no basis to avoid responding, as a general position, but especially so since the interrogatory is not premised, nor does it in any way depend upon whether the Plaintiff was an employee or a contractor.

**Interrogatory No. 8**

For the period of time beginning October 2017 through the present, please state whether any current or former employee has taken administrative or legal action against any Defendant and, if so, please list in complete detail the type of action(s), case number(s), names of the current or former employees, and outcome of the respective action.

**Defendants' Response to Interrogatory No. 8**

**OBJECTION**: The requested information is not relevant to the claims and defenses in this case and is not likely to lead to admissible information.

**Reason Why the Court Should Compel a Better Response**

The objection is frivolous. The interrogatory is relevant to the Defendants' defenses, and also to the issues of intent, knowledge and good faith.

**Interrogatory No. 9**

Please describe in complete detail all of the qualifications and job duties for every position ever occupied by the Plaintiff whether as an employee or contractor.

**Defendants' Response to Interrogatory No. 9**

**OBJECTION**: Defendants object to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**ANSWER:** Without waiving the foregoing objection, Plaintiff never occupied any position with Tomson Hospitality. Further, Plaintiff never had any qualifications or job duties as such pertained to National Public Relations Management Services – the corporate entity that Tomson Hospitality engaged the services of. National Public Relations Management Services' assigned Mazpule to this account.

**Reason Why the Court Should Compel a Better Response**

The objection is frivolous. There is no detail or evidence with respect to why a description of the position filled by Plaintiff (whether as an employee or contractor) is too broad a question, or how it is unduly burdensome.

**Interrogatory No. 10**

Please state whether Defendants maintain, or has ever maintained, insurance to cover the claims raised in Plaintiff's Complaint and, if so, identify the carrier and policy information and state the limits of those policies.

**Defendants' Response to Interrogatory No. 10**
**OBJECTION**: The requested information is not relevant to the claims and defenses in this case and is not likely to lead to admissible information. Defendants further object to this Interrogatory as vague and overbroad. There are three defendants named in the Complaint and this Interrogatory is not specific at to which Defendant Plaintiff is referring to. Defendants further object to the extent they are unaware of what is considered "insurance" as this term is vague and undefined.

**Reason Why the Court Should Compel a Better Response**
The objection is frivolous. Insurance coverage is patently discoverable under Florida Statute 627.4137.

**Interrogatory No. 11**
Identify by full name, last known address, and telephone number, each and every individual believed or known to you to have knowledge or to have witnessed the events set forth in the pleadings, including all those persons whom you may call as witnesses at trial during your defense or rebuttal case.

**Defendants' Response to Interrogatory No. 11**
**ANSWER**: Please refer to Rule 26 Disclosures served on February 5, 2021.

**Reason Why the Court Should Compel a Better Response**
This is not an Answer to this interrogatory.

**Interrogatory No. 12**
With respect to those individuals identified in response to Interrogatory No. 11 above, describe in detail the nature and substance of the knowledge or information he or she possesses.

**Defendants' Response to Interrogatory No. 12**
**ANSWER**: *See* Defendants' Answer to Interrogatory No. 11.

**Reason Why the Court Should Compel a Better Response**
This is not an Answer to this interrogatory.

**Interrogatory No. 13**
Provide the last known address and telephone number of Fabian Scolz and detail what involvement he had in securing the services of Plaintiff (whether as an employee or contractor for Defendants).

**Defendants' Response to Interrogatory No. 13**
**ANSWER**: f.scolz@osmanagement.it
              +39 380 696 1275
              OSM NORTH AMERICA LLC
              7300 Biscayne Blvd, Suite 200
              Miami 33138 Florida US
              Open Source Management
              Via Caduti di Amola 11/2
              40132, Bologna (BO)

**Reason Why the Court Should Compel a Better Response**

The answer fails to respond to the inquiry regarding that Defendants "detail what involvement he had in securing the services of Plaintiff (whether as an employee or contractor for Defendants)."

### Interrogatory No. 14

State whether you or any attorney or representative on your behalf has obtained statements, reports, memoranda or recordings from any person, which in any way relate to the facts of this case or the matters and incidents alleged in the parties' pleadings. If your answer is in the affirmative, separately identify the author of each statement, report memoranda or recording; the person or persons to whom the statement, report memoranda or recording was issued, distributed, or otherwise provided; the present location and custodian of each such statement, report memoranda or recording; and state the date each such statement, report memoranda or recording was prepared.

**Defendants' Response to Interrogatory No. 14**

**OBJECTION**: Defendants object to this request as it is not limited in time or scope. Defendants further object to this Interrogatory because it seeks documents that are protected under the attorney client privilege and attorney work product doctrine.

**Reason Why the Court Should Compel a Better Response**

As previously stated, the interrogatory is limited in time and scope in the instructions. Moreover, the objections "privilege" and "work product" are patently frivolous, and they are not accompanied by any privilege log, and as such those objections are also waived.

## REQUESTS FOR PRODUCTION

### Request for Production Item No. 1

Produce all documentation regarding the relationship between Plaintiff Yousi Mazpule and any Defendant, including but not limited to the complete personnel file, any contract pertaining to the services Plaintiff was to provide – irrespective of whether you maintain that she was an employee or contractor – including, but not limited to any applications for employment or contract, promotions, and any disciplinary actions or report regarding Plaintiff Yousi Mazpule for her entire tenure of employment or affiliation with Defendant.

**Response to Request No. 1**

**OBJECTION**: Defendants object to this Request as it assumes and presupposes that Plaintiff and Defendants has any relationship. Defendants further object because the term "relationship" is not defined and is therefore vague and ambiguous. Defendants further object because the term "personnel file" presupposes and assumes that Plaintiff was an employee, which she never was. Defendants further object because the Request presupposes and assumes the existence of a relationship that lasted longer than three (3) days.

**RESPONSE**: Without waiving the foregoing objection, see TH_00009-TH000012; TH_00119-000121

**Reason Why the Court Should Compel a Better Response**

The "preamble objections make the response obsolete and indefinite. The document request is not premised upon the Plaintiff's status as an employee or a contractor. Defendants maintain that Plaintiff is an employee, nor is such a conclusion necessary for Defendant to produce even the supposed

contract they maintain establishes that Plaintiff was not an employee. Additionally, the word "relationship" is a standard and uncomplicated word in the English language, the use of which is in no way objectionable.

**Request for Production Item No. 2**

Produce any and all documentation, including but not limited to, memorandum, correspondence, letters, reports, manuals, employee handbook, etc. related to Defendants' personnel protocols or policies.

**Response to Request No. 2**

**OBJECTION**: Defendants object to this Request on the grounds that the Request is vague and overbroad. Defendants further object as this Request as it is not relevant and is not likely to lead to admissible evidence. The Request is not limited in time or scope. The Request asks for materials to be produced that are not relevant to Plaintiff's claims. Defendants further object to the extent they are unaware of what is considered "Defendants' personnel protocols or policies" as this phrase is vague and undefined. Defendants further objects as this Request fails to specify which Defendant the Request is specifically addressed to.

**Reason Why the Court Should Compel a Better Response**

The Employers' policies and protocols are naturally relevant to this lawsuit, alleging unpaid wages, discrimination, and retaliation, and to virtually all of the Defendants' 18 affirmative defenses.

**Request for Production Item No. 3**

Produce any and all documentation, including but not limited to, memorandum, correspondence, letters, reports, manuals, etc. which provide any guidelines pertaining to the Defendants anti-discrimination practices or policies.

**Response to Request No. 3**

**OBJECTION**: Defendants object to this Request on the grounds that the Request is vague and overbroad. This Request asks for materials to be produced that are not relevant to Plaintiff's claims. The Request is not limited in time or scope. Defendants further object as this Request as it is not relevant and is not likely to lead to admissible evidence. Defendants further object because this Request presupposes and assumes that Plaintiff was an employee and that the corporate entity that Tomson Hospitality did business with is part of a constitutionally protected class when in fact National Public Relations Management Services is a juridical entity that does not belong to any constitutionally protected class like gender or race. Defendants further object as this Request fails to specify which Defendant the Request is specifically addressed to.

**Reason Why the Court Should Compel a Better Response**

The Employers' policies and protocols are naturally relevant to this lawsuit, alleging unpaid wages, discrimination, and retaliation, and to virtually all of the Defendants' 18 affirmative defenses.

**Request for Production Item No. 4**

Produce any written or recorded statements of any kind in Defendants' possession, custody, or control made by the Plaintiff or any other person which pertain or relate to any of the allegations in the Complaint or any defenses raised in the pleadings.

**Response to Request No. 4**
**OBJECTION**: Defendants object to this Request on the grounds that the Request is vague and overbroad. Moreover, the Request is not limited in time or scope.

**RESPONSE**: Notwithstanding the foregoing objection and without waiving it, Defendants believe the following documents are responsive to this Request: TH Emails_000001- 000229; ITALKRAFT_0001-0129.

**Reason Why the Court Should Compel a Better Response**
The objection is frivolous, it is neither vague, nor overbroad, and the temporal scope is clearly defined. Moreover, the documents produced are from a prior employment of the Plaintiff by another unrelated entity, and is therefore not responsive to the request.

| Request for Production Item No. 5 |
|---|

Produce a job description for every position held by the Plaintiff while she was working with any Defendant – irrespective of whether Defendants maintain that she was an employee or contractor.

**Response to Request No. 5**
**OBJECTION**: Defendants object to this Request on the grounds that the Request is not relevant and is not likely to lead to admissible evidence. Defendants further object because this Request presupposes and assumes that Plaintiff held a position with Tomson Hospitality when in reality she did not. Defendants further object on grounds that Plaintiff never held any position at Tomson Hospitality. Defendants further object as this Request fails to specify which Defendant the Request is specifically addressed to.

**RESPONSE**: Without waiving the foregoing objection, based on the information and documents currently in Defendants' possession, Defendants believe the following documents are responsive to this Request: TH Emails_000013

**Reason Why the Court Should Compel a Better Response**
The objection is frivolous.

Defendants merely refuse to produce documents on the frivolous basis that the Defendants assert a supposed defense to liability. This is no basis to avoid responding, as a general position, but especially so since the request item is not premised, nor does it in any way depend upon whether the Plaintiff was an employee or a contractor. Moreover, the idea that Plaintiff never held any position with any Defendant is contradicted by the very documents, then subsequently produced.

| Request for Production Item No. 6 |
|---|

Produce any written statement prepared by or for any witness interviewed regarding any specific incident or incidents which resulted in adverse employment actions against Plaintiff, or other decision to terminate her service she was hired or contracted to perform.

**Response to Request No. 6**
**RESPONSE**: Based on the information and documents currently in Defendants' possession, Defendants believe the following documents are responsive to this Request: TH Emails_000200- 000229

**Reason Why the Court Should Compel a Better Response**

The qualifier is dubious since it suggests the other documents were previously or subsequently in Defendants' possession.

| **Request for Production Item No. 7** |
|:---:|

Produce all documentation, notes, emails, dairies, calendars, personal files, or other written records which you have maintained pertaining to the Plaintiff's application for employment, employment, and termination – irrespective of whether Defendants maintain that she was an employee or contractor.

**Response to Request No. 7**

**OBJECTION**: Defendants object to this Request on the grounds that the Request is vague and overbroad. The Request is not limited in time or scope. The Request asks for materials to be produced that are not relevant to Plaintiff's claims. Defendants further object to the extent they are unaware of what is considered "Defendants' personnel protocols or policies" as this phrase is vague and undefined. Defendants further object to this Request on the grounds that the Request is not relevant and is not likely to lead to admissible evidence. Defendants further object as this Request fails to specify which Defendant the Request is specifically addressed to.

**RESPONSE**: Notwithstanding the foregoing objections and without waiving them, based on the information and documents currently in Defendants' possession, Defendants believe the following documents are responsive to this Request: TH Emails_000001-000229; TH_000119-000121

**Reason Why the Court Should Compel a Better Response**

The objections does not even pertain to the request item, but rather quotes another request item.

| **Request for Production Item No. 8** |
|:---:|

Produce all documents relied upon and reviewed in order to respond to Plaintiff's First Set of Interrogatories to Defendants.

**Response to Request No. 8**

**OBJECTION**: Objection on the grounds that the request is vague and overbroad**.** Further, the Request asks for information protected by the attorney-client privilege and attorney work product doctrine. Moreover, the Request is not limited in time or scope.

**Reason Why the Court Should Compel a Better Response**

The objection is frivolous, directed to all Defendants (who are all represented by the same law firm), and properly defined in both temporal and topical scope. Neither is the interrogatory vague or overly broad. Additionally, the privilege and work product objections are waived by failing to prepare a privilege log.

| **Request for Production Item No. 9** |
|:---:|

All records pertaining to all wages or other compensation of any kind paid to Plaintiff from the beginning of employment through the termination of her employment or other affiliation with Defendants – irrespective of whether Defendants maintain that she was an employee or contractor.

**Response to Request No. 9**

**OBJECTION**: Defendants object to this Request on the grounds that this Request fails to specify

which Defendant the Request is specifically addressed to.

**RESPONSE**: Notwithstanding the foregoing objections and without waiving them, based on the information and documents currently in Defendants' possession, Defendants believe the following documents are responsive to this Request: TH Emails_000198-229

**Reason Why the Court Should Compel a Better Response**
The objection is frivolous. The timely payment of wages is clearly relevant to the pleadings.

| Request for Production Item No. 10 |
|:---:|

Copies of any and all performance evaluations or appraisals regarding the Plaintiff for her entire period of employment or other affiliation with Defendant – irrespective of whether you maintain that she was an employee or contractor.

**Response to Request No. 10**
**OBJECTION**: Defendants object to this Request on the grounds that this Request fails to specify which Defendant the Request is specifically addressed to.

**RESPONSE**: Notwithstanding the foregoing objections and without waiving them: None.

**Reason Why the Court Should Compel a Better Response**
The objection is frivolous, directed to all Defendants (who are all represented by the same law firm).By objecting, and then answering "none", the Defendant casts doubt about what has been withheld on account of the objection.

| Request for Production Item No. 11 |
|:---:|

Copies of all policies and procedures which you contend were utilized, even minimally, in Defendants' decision to terminate, and otherwise discipline the Plaintiff or otherwise terminate their relationship with her, as alleged in the Complaint – irrespective of whether Defendants maintain that she was an employee or contractor.

**Response to Request No. 11**
**OBJECTION**: Defendants object to this Request on the grounds that the Request is vague and overbroad. The Request is not directly related to legitimate issues that are material and relevant to the case. Defendants further object to the extent they are unaware of what is considered "policies and procedures" as these terms are vague and undefined. Defendants further object to this Request on the grounds that the Request is not relevant and is not likely to lead to admissible evidence. Defendants further object because this Request presupposes and assumes that Plaintiff held a position with Tomson Hospitality when in reality she did not. Defendants further object on grounds that Plaintiff never held any position at Tomson Hospitality. Defendants further object as this Request fails to specify which Defendant the Request is specifically addressed to. Tomson Hospitality terminated the relationship with National Public Relations Management Services and not with Plaintiff.

**Reason Why the Court Should Compel a Better Response**
The objection is frivolous. The policies and procedures utilized in determining to terminate the relationship with the Plaintiff. Is obviously relevant, as is the likely failure to utilize or establish any such personnel policies, which is what the Defendants seek to avoid admitting.

**Request for Production Item No. 12**

Copies of all records, communications, and correspondence reflecting discussions and the deliberation process of the Defendants in considering the decision to terminate the Plaintiff – irrespective of whether Defendants maintain that she was an employee or contractor.

**Response to Request No. 12**

**OBJECTION**: Defendants object to this Request on the grounds that the Request is vague and overbroad. The Request is not directly related to legitimate issues that are material and relevant to the case. Defendants further object to the extent they are unaware of what is considered "policies and procedures" as these terms are vague and undefined. Defendants further object to this Request on the grounds that the Request is not relevant and is not likely to lead to admissible evidence. Defendants further object because this Request presupposes and assumes that Plaintiff held a position with Tomson Hospitality when in reality she did not. Defendants further object on grounds that Plaintiff never held any position at Tomson Hospitality. Defendants further object as this Request fails to specify which Defendant the Request is specifically addressed to. Tomson Hospitality terminated the relationship with National Public Relations Management Services and not with Plaintiff.

**RESPONSE**: Notwithstanding the foregoing objections and without waiving them, based on the information and documents currently in Defendants' possession, Defendants believe the following documents are responsive to this Request: TH Emails_000215-220

**Reason Why the Court Should Compel a Better Response**

The objection is frivolous, referring to the supposed ambiguity of the terms "policies and procedures" which are neither vague, nor even mentioned in the discovery request item. Also, the request is not premised upon, nor does it depend on the status of the Plaintiff as an employee or a contractor.

**Request for Production Item No. 13**

Any correspondence sent at any time to a third party regarding the termination of employment of the Plaintiff. This includes but is not limited to correspondence between Defendants and the Florida Department of Labor and Employment Security, Agency for Workforce Innovation or other government agency relating to Unemployment Compensation.

**Response to Request No. 13**

**OBJECTION**: Defendants object to this Request on the grounds that the Request is not relevant and is not likely to lead to admissible evidence. Defendants further object because this Request presupposes and assumes that Plaintiff was employed by Tomson Hospitality when in reality she never was. Defendants further object as this Request fails to specify which Defendant the Request is specifically addressed to.

**RESPONSE**: Notwithstanding the foregoing objections and without waiving them, based on the information and documents currently in Defendants' possession, Defendants believe the following documents are responsive to this Request: TH Emails_000215-220

**Reason Why the Court Should Compel a Better Response**

The objection is frivolous, and the response is non-responsive to the request.

**Request for Production Item No. 14**

Copy of the personnel file for Defendant Alejandro Melo.

**Response to Request No. 14**
**OBJECTION**: Defendants object to this Request as irrelevant, overbroad, unduly burdensome and an improper implication of privacy interests. The Request is not directly related to legitimate issues that are material and relevant to the case. Defendants further object to this Request on the grounds that the Request is not relevant and is not likely to lead to admissible evidence.

**Reason Why the Court Should Compel a Better Response**
Alejandro Melo is a named Defendant and management employee of the corporate defendants. He was clearly involved in the decision to terminate her employment. He is no longer an employee, and the circumstances of his employment and separation from employment, and any documentation or communication regarding the same are clearly relevant and discoverable.

**Request for Production Item No. 15**
Copies of all W-2 forms for Plaintiff.

**Response to Request No. 15**
**OBJECTION**: Defendants object to this Request on the grounds that this Request presupposes and assumes that Plaintiff was employed by Tomson Hospitality when in reality she never was.

**RESPONSE**: Notwithstanding the foregoing objections and without waiving them: None

**Reason Why the Court Should Compel a Better Response**
The response is undermined by the objection.

**Request for Production Item No. 16**
Copies of all written documents prepared by Defendants at any time which touch upon the reasons or basis for the Plaintiff's termination, discipline, or other separation of the relationship between the Plaintiff and Defendants as alleged in the Complaint.

**Response to Request No. 16**
**OBJECTION**: Defendants object to this Request on the grounds that the term "touch upon" is not defined and is therefore vague and ambiguous.

**RESPONSE**: Notwithstanding the foregoing objections and without waiving them, based on the information and documents currently in Defendants' possession, Defendants believe the following documents are responsive to this Request: TH Emails_000215-220

**Reason Why the Court Should Compel a Better Response**
The objection is frivolous since the phrase is not ambiguous or objectionable.

**Request for Production Item No. 17**
To the extent that Defendants maintains that the Plaintiff voluntarily resigned her position, produce all documentation which supports, or would tend to support, this position.

**Response to Request No. 17**
**OBJECTION**: Defendants object to this Request because this Request presupposes and assumes that Plaintiff held a position at Tomson Hospitality from which she could resign. Defendants further object as this Request fails to specify which Defendant the Request is specifically addressed to.

**RESPONSE**: Notwithstanding the foregoing objections and without waiving them, Plaintiff, Yousi Mazpule was never employed by Defendants.

**Reason Why the Court Should Compel a Better Response**
The objection is frivolous and the response, not responsive to the request.

**Request for Production Item No. 18**
Provide all documentation showing the financial worth of the Defendants.

**Response to Request No. 18**
**OBJECTION**: Defendants object to this Request as the Defendants' privacy interests outweigh the relevance and compelling need to disclose Defendants financial worth at this time. Financial discovery is not permitted until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages. At this time, Plaintiff's claim for punitive damages has not been tested on a motion to dismiss or motion for summary judgment, nor has the Court otherwise made any determination that there is a reasonable evidentiary basis for recovery of punitive damages.

**Reason Why the Court Should Compel a Better Response**
The Defendants each deny that they are individually, or jointly, employers within the meaning of the FLSA. The annual gross revenues of the Defendants is relevant to disprove the denial of that allegation.

**Request for Production Item No. 19**
Provide a copy of any insurance policy which you maintain or have maintained provides coverage to the Defendants for any of the acts alleged in the Complaint.

**Response to Request No. 19**
**OBJECTION**: Defendants object to this Request because this Request fails to define which insurance policy it refers to.

**Reason Why the Court Should Compel a Better Response**
The objection is frivolous. Any insurance policy providing coverage is relevant and required to be produced by statute. Fla. Stat. 627.413.

**Request for Production Item No. 20**
For the period beginning March 2017 through the present, provide any and all emails, text messages, group chats (including but not limited to G-Chat and WhatsApp group chats) between or including any of the following persons:

   a.  Tommaso Cardana;
   b.  Alejandro Melo;
   c.  Fabian Scolz;
   d.  Monica Corvino;
   e.  Audrey Alarcon;
   f.  Maria Gonzalez;
   g.  Jeannette Fandino;

      h.  Sonnett Malan.

**Response to Request No. 20**
**OBJECTION**: Defendants object to this Request as overbroad in scope, thereby causing annoyance, oppression, undue burden or expense, and to the extent that the information sought is not related or relevant to the subject of this action. Defendants further object to this Request on the grounds that it exceeds the time frame for this lawsuit.

**Reason Why the Court Should Compel a Better Response**
The objection s frivolous.

**Request for Production Item No. 21**

All documents reflecting any discipline and/or voluntary or involuntary separation from employment regarding the following employee:

      a.  Alejandro Melo.

**Response to Request No. 21**
**OBJECTION**: Defendants object to this Request as the Request is not limited in time or scope. This Request asks for materials to be produced that are not relevant to Plaintiff's claims.

**Reason Why the Court Should Compel a Better Response**
Alejandro Melo is a named Defendant and management employee of the corporate defendants. He was clearly involved in the decision to terminate her employment. He is no longer an employee, and the circumstances of his employment and separation from employment, and any documentation or communication regarding the same are clearly relevant and discoverable.

## V.    THE COURT SHOULD AWARD PLAINTIFF'S EXPENSES INCURRED IN THE PREPARATION OF THIS MOTION.

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that if a motion to compel is granted or if disclosure is provided after a motion is filed:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>> (iii) other circumstances make an award of expenses unjust.

Plaintiff conferred in good faith prior to filing, as set forth in the certificate, below. Defendants failed to provide any justification for their failure to provide timely responses and complete responses.

A mediation is scheduled in this case for May 24, 2021, which is also the discovery deadline.

It is incumbent upon Defendants to show why the Court should not order it to pay Plaintiffs' reasonable expenses, including attorney's fees, incurred in connection with a motion to compel. *See Hoglund v. Limbach Constructors Incorporated*, 1998 WL 307457 at *6 (S.D. Fla. March 30, 1998) (granting the defendant's costs, including attorney's fees, incurred in filing a motion to compel the plaintiff to responds to interrogatories where the defendant repeatedly demanded that the plaintiff's counsel respond to interrogatories and the plaintiff had no valid reason for objecting to the interrogatories); *Dunstant v. Wal-Mart Stores East, L.P.*, 2008 WL 2025313, *2 (M.D. Fla. 2008) (internal citation omitted).

WHEREFORE, Plaintiff respectfully request this Court enter an Order compelling Defendants to provide better responses to Plaintiff's discovery requests, and to award Plaintiff the reasonable attorney's fees and costs incurred with the filing of this Motion, along with any other relief this Court deems just and proper, including the striking of defenses, witnesses, and exhibits.

## <u>CERTIFICATE OF GOOD FAITH CONFERENCE;</u><br><u>CONFERRED BY UNABLE TO RESOLVE DIFFERENCES</u>

On May 18, 2021, opposing counsel contacted undersigned counsel by phone and requested a 28-day extension of time within which to provide responses to Plaintiff's first set of discovery requests, which were due by May 19, 2021. Undersigned counsel communicated his opposition to the same for two reasons: 1) the mediation in this case is scheduled for May 24, 2021 and 2) the deadline to complete all discovery is also May 24, 2021. However, no motion for extension of time was filed and Defendants' responses were not served until May 20, 2021, the responses were objectionable and incomplete, so undersigned counsel again conferred with opposing counsel on May 21, 2021 regarding specific Defendants' responses and objections to discovery and followed up that conversation by serving a draft of this motion, however, it was clear that resolution of the issues could not be achieved before the discovery deadline, thereby necessitating the filing of this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 21, 2021 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF and served on all counsel of record and parties listed on the Service List below in the manner indicated therein.

Anthony F. Sanchez, P.A.
Attorneys for Plaintiff
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel.:   305-665-9211
Email: afs@laborlawfla.com

By:   /s/ Anthony F. Sanchez
Anthony F. Sanchez
Florida Bar No.0789925

## SERVICE LIST

Anthony F. Sanchez, Esq.
Florida Bar No.: 789925
Email: afs@laborlawfla.com
Email: faz@laborlawfla.com
***Counsel for Plaintiff***
ANTHONY F. SANCHEZ, P.A.
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel:    305-665-9211

Serena A. Witter Esq.
Florida Bar No.: 45216
Email: switter@robertallenlaw.com
Email: litigation@robertallenlaw.com
Umberto C. Bonavita, Esq.
Florida Bar No.: 632791
Email: ubonavita@robertallenlaw.com
Email: litigation@robertallenlaw.com
Kevin P. Peterford, Esq.
Florida Bar No.: 1002011
Email: kpeterford@robertallenlaw.com
Email: litigation@robertallenlaw.com
***Counsel for Defendants***
ROBERT ALLEN LAW
Four Seasons Office Tower
1441 Brickell Avenue, Suite 1400
Miami, Florida 33131-3426
Tel:    305-372-3300
Fax:    305-379-7018
*Via Notice of Electronic Filing*