UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-24393-CIV-MOORE/LOUIS

YOUSI MAZPULE,

    Plaintiff,

v.

XENIOS CORP., *et al.*,

    Defendant.

_____/

# ORDER

**THIS CAUSE** comes before the Court on Plaintiff Yousi Mazpule's Motion to Compel Better Responses to Discovery Requests by Defendants Xenios Corporation, Tommaso Cardana, and Alejandro Melo ("Motion to Compel") (ECF No. 29). Having reviewed the Motion, and being otherwise duly advised on the matter, the Court hereby **GRANTS** Plaintiff's Motion to Compel.

Plaintiff's Motion to Compel seeks better answers to interrogatory numbers 1-14 of Plaintiff's First Set of Interrogatories, and request for production numbers 1-21 of Plaintiff's First Requests for Production of Documents. Plaintiff claims Defendants' answers are incomplete and evasive, and he claims that Defendants' objections to each interrogatory and request for production are merely boilerplate, formulaic objections that fail to comply with the Federal Rule of Civil Procedures, as well as the Local Rules of the Southern District of Florida. Plaintiff further claims the Defendants' responses were untimely, having been filed a day late, and that the answers were not properly verified by all Defendants. Defendants did not respond to Plaintiff's Motion to Compel, and the time to do so has since passed.

As an initial matter, Defendants' failure to respond to Plaintiff's Motion to Compel is a sufficient basis to grant the Motion by default. *See* S.D. Fla. L.R. 7.1(c); *Henderson v.*

*Safeguardcasualty.Com Inc.*, No. 18-60258-CIV, 2018 WL 7824371, at *2 (S.D. Fla. Sept. 26, 2018); *Tropical Paradise Resorts*, LLC v. JBSHBM, LLC, No. 18-CV-60912, 2018 WL 8359642, at *1 (S.D. Fla. Sept. 5, 2018). Despite Defendants' failure to respond, the Court has reviewed the discovery demands, and finds Defendants objections to indeed fail to comply with the Federal Rule of Civil Procedures and the Local Rules of the Southern District of Florida.

Many of Defendants' objections to Plaintiff's interrogatories and requests for production include generalized objections such as "the requested information is not relevant to the claims and defenses in this case and is not likely to lead to admissible information" and the request is "vague and overbroad."[1] Such boilerplate and generalized objections are improper, meaningless, and without merit. *Bouzaglou v. Synchrony Fin.*, No. 19-CV-60118, 2019 WL 3852295, at *2 (S.D. Fla. Aug. 15, 2019) (citation omitted). Furthermore, "[a]n objection that a discovery request is irrelevant or 'not reasonably calculated to lead to admissible evidence' is an outdated type of objection, as that language no longer defines the scope of discovery under Federal Rule of Civil Procedure 26(b)(1)." *TIKD Servs. LLC v. Fla. Bar*, No. 17-24103-CIV, 2017 WL 6763946, at *3 (S.D. Fla. Nov. 9, 2017). Rule 26 now defines the scope of discovery as being "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Thus, all such objections are disregarded.

Defendants also make generalized objections regarding temporal scope despite the fact that the interrogatories and requests for production state that, unless otherwise indicated, all responses should be for the period of time beginning October 26, 2017 through the present (ECF Nos. 29-1, 29-2). Thus, all objections that the request is "not limited in time or scope" are overruled.[2] Defendants' objection that a request fails to specify which Defendant is being referred to is

---
[1] *See* answers to interrogatory numbers 4-10 and request for production numbers 2-5, 7-8, and 11-14.
[2] *See* answers to interrogatory numbers 1-3, and 14 and request for production numbers 2-4, 7, 8, and 21.

likewise overruled as the requests are directed at all Defendants.

Defendants further object on the basis that information being sought is "protected by the attorney-client privilege and attorney work product doctrine,"[3] but have failed to provide a privilege log. Such generalized objections asserting attorney-client privilege or work product doctrine do not comply with the Local Rules. Local Rule 26.1(e)(2)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as identify such things as the nature and subject matter of the communication at issue, the sender and receiver of the communication and their relationship to each other, among others. Defendants' failure to timely provide a privilege log that identifies the requisite information results may result in a waiver of such privilege. *See Ctr. for Individual Rts. v. Chevaldina*, No. 16-20905-CIV, 2017 WL 5905191, at *8 (S.D. Fla. Nov. 29, 2017).

Finally, Defendants' answers to many of the requests contend that such response is "[n]otwithstanding the foregoing objections" or "without waiving the foregoing objection."[4] However, such a formulaic objection followed by an answer to a request is not permitted. *See ABM Fin. Servs., Inc. v. Express Consolidation, Inc.*, No. 07-60294-CIV, 2007 WL 2572322, at *2 (S.D. Fla. Sept. 5, 2007); *see also Bouzaglou*, 2019 WL 3852295, at *2 (citing *Abdin v. Am. Sec. Ins. Co.*, No. 09-81456-CIV, 2010 WL 1257702, at *2 (S.D. Fla. March 29, 2010)). Federal Rule of Civil Procedure 34(b)(2)(c) specifically requires an objection to state whether any responsive materials are being withheld. *See* Civil Discovery Standards, 2004 A.B.A. Sec. Lit. 18; *see also* S.D. Fla. L.R. 26.1(e)(2)(A). Otherwise, "such practice leaves the requesting Party uncertain as to whether the question has actually been fully answered or whether only a portion of the question

---

[3] *See* answers to interrogatory numbers 1-2, and 14 and request for production number 8.
[4] Such qualifiers to answers are provided to interrogatory numbers 1, 3-7 and 9, and request for production numbers 1, 3-5, 7, 9-10, 12-13, 15-17.

has been answered" and "and serves only to waste the time and resources of both the Parties and the Court." *ABM Fin. Servs*, 2007 WL 2572322, at *2. Defendants shall amend their answers to clearly state the scope of response and whether any responsive answer has been withheld on the basis of the objection.

Nor does the Court find Defendants' answers to be sufficient as they lack the details requested. For example, Interrogatory Number 3 asks Plaintiff to "[d]escribe in detail all evidence, including each and every fact, event, statement, or incident, including each date upon which such event, statement or incident occurred, which Defendants believe shows, or tends to support, each affirmative defense raised by Defendants" (ECF No. 19 at 6). In response, however, Defendants assert that "all interactions between Plaintiff and Defendants between November 4, 2019 and November 11, 2019 support each of our affirmative defenses" and list generalized categories of evidence, such as "[e]mails between Defendants and Plaintiff" to be used in support. To the extent Defendants intends to rely on documents to answer an interrogatory, it is permissible to do so provided that (1) those documents are business records; (2) sufficient to answer the interrogatory; (3) that the answering party specifically identifies to the propounding party; and (4) imposes substantially the same burden on either party to derive the answer from the records. Fed. R. Civ. P. 33(d). Defendants' answer neither confirms the evidence has already been produced, nor provides any indication that the documents being relied upon satisfies the requisite elements. Defendants shall amend their answers to the interrogatories and to the extent they rely on Rule 33(d), shall identify the documents on which they rely by bates stamp number.

For the forgoing reasons, Plaintiff's Motion to Compel (ECF No. 29) is **GRANTED**. Defendants shall serve amended answers to her First Request for Production of Documents and

First Set of Interrogatories by no later than June 24, 2021.[5] Such answers shall be verified by all Defendants.

Plaintiff requests an award of attorney fees and costs pursuant to Rule 37(a)(5) for bringing this Motion to Compel. Where a motion to compel is granted, the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5) (emphasis added). When a trial court grants a Rule 37 motion to compel, then it may not deny an award of fees for any reasons other than those recognized by the Rule. *See Slep–Tone Entm't Corp. v. Johnson*, 518 F. App'x 815, 821-22 (11th Cir. 2013) (finding abuse of discretion in trial court's denial of fees because the trial court did not analyze the fees award under the rule-imposed standard); *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 6238647, at *4 (S.D. Fla. Dec. 3, 2013). The burden of establishing substantial justification (or other exception) is on the losing party to the Rule 37 motion. *See Procaps S.A.*, 2013 WL 6238647, at *5.

Pursuant to Rule 37(a)(5)(A), the Court finds no objection raised that was substantially justified—indeed, no objection to Plaintiff's Motion was raised at all, as Defendants failed to respond in opposition. Accordingly, so that the Court may determine the amount of fees and costs reasonably incurred by Plaintiff in bringing this motion, Plaintiff shall first serve upon Defendants a statement of her costs and fees incurred. Following service, the Parties shall confer and attempt

---

[5] The Court is cognizant of the pending Motion for Summary Judgment and Plaintiff's deadline to respond in opposition on June 25, 2021.

to reach agreement on the reasonable amount of fees and expenses, including applicable hourly rate and number of hours incurred. Conferral to narrow these disputes is required even if Defendants contest Plaintiff's right to an award under Rule 37.

If the Parties are unable to agree on Plaintiff's entitlement to her reasonable expenses under Rule 37(a)(5)(A), Plaintiff may file a memorandum in support of her request for fees and costs. Defendants' response, if any, is due within seven days of the memorandum being filed.

**DONE AND ORDERED** in Chambers this on this 19th day of June, 2021.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE