UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-24393-CIV-MOORE/LOUIS

YOUSI MAZAPULE,

    Plaintiff,

v.

XENIOS CORP., *et al.*,

    Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff Yousi Mazpule's Request for Fees contained within Plaintiff's Motion to Compel Better Answers to Plaintiff's First Request for Production of Documents and First Set of Interrogatories, ("Motion to Compel") (ECF No. 29); and Plaintiff's Motion for Rule 37(b) Sanctions (ECF No. 40). A hearing was held on these matters on July 29, 2021 and this Order follows.

Plaintiff's Motion to Compel, filed right before the discovery cutoff, sought better answers to interrogatory numbers 1-14, and request for production numbers 1-21. Defendants filed no response to the Motion, a failure defense counsel explained at the hearing was due to a personnel change at the office. The Court entered an Order granting the Motion to Compel, finding that many of Defendants' objections and answers failed to comply with the Federal Rule of Civil Procedures and the Local Rules of the Southern District of Florida (ECF No. 33). As such, the Order gave Defendants until June 24, 2021 to serve amended answers to Plaintiff's First Request for Production of Documents and First Set of Interrogatories (*id.*). The Order further directed Plaintiff to serve upon Defendants a statement of costs and fees incurred in bringing the Motion to Compel, pursuant to Rule 37(a)(5)(A), and to file a memorandum in support of her request for fees and

costs if the Parties were unable to agree as to reasonable expenses, to which Defendants would have 7 days to respond (*id.*).

Plaintiff timely filed a memorandum in support of fees seeking $3,960.00 in fees and costs for bringing the Motion to Compel, plus an additional $600.00 for fees incurred in bringing the memorandum in support of fees (ECF No. 36). Defendants responded and objected to the award of fees, not on the grounds that they were unreasonable, but because Defendants contend that Plaintiff's counsel did not attempt confer in good faith before bringing the Motion to Compel (ECF No. 37).

One week later, Plaintiff filed the Motion for Sanctions, claiming that Defendants failed to meaningfully comply with the Court's Order requiring supplemental discovery responses (ECF No. 40). Specifically, Plaintiff argues that Defendants have failed to produce any additional documents; that Defendants' supplemental responses include the same objections that were previously overruled; and that the supplemental answers provided are insufficient and unverified. Plaintiff further claims that at least one of the answers provided is contradicted by the documents already produced. In response, Defendants claim that they did not reassert the overruled objections, but "simply kept the original form of the document and clearly identified the supplemental responses which were added to the original response," and have since provided Plaintiff with an updated copy that removes the objections, and which is verified (ECF No. 43). Defendants also explain the supplemental production consists of over a million pages due to the broad scope of Plaintiff's requests, and aver that they have been producing these documents on a rolling basis. As such, they maintain that they have complied with the Court Order.

**I.      Attorneys' Fess**

When a motion to compel is granted the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5).

Defendants contend that the first exception applies as Plaintiff did not attempt to confer in good faith prior to filing the Motion. Rather, Plaintiff's conferral efforts were limited to a single six-minute phone call with defense counsel, after which a copy of the Motion to Compel was emailed to defense counsel highlighting the deficiencies within the discovery responses. The Motion was filed roughly five hours later.

As noted at the hearing, the obligation to confer in good faith is a mutual obligation, and Defendants' complaints about Plaintiff's pre-filing efforts must be weighed against their own efforts to engage in good faith in the discovery disputes that have arisen in this case. Defendants sought an extension of time to respond to the requests the day before responses were due, and the requested extension went beyond the discovery cutoff. The responses served, as noted in my prior Order, asserted general objections and otherwise just kicked down the road the time to meaningfully respond. When a party serves such place-holder responses, it is patently contrary to Rule 1 of the Federal Rules of Civil Procedure to expect the requesting party to engage in lengthy, time consuming and expenses conferral just to obtain that which she should have already received.

Having considered the objections raised by Defendants and arguments at the hearing, I find an award of expenses incurred in bringing the Motion to Compel is warranted and that the conferral undertaken by Plaintiff, though minimal, was sufficient under the specific circumstances in this case. I will not include in that award fees incurred in reviewing the discovery responses and discussing them with opposing counsel, as such costs would have been incurred even if the Motion to Compel were not filed. No objections were raised as to Plaintiff's hourly rate and for the limited purpose of this Motion to Compel, and I have accepted this hourly rate of $400.00 per hour. The total amount awarded is $2,000.00, that amount to be paid by Defendants within 14 days from the date of this Order.

**II.     Sanctions**

Plaintiff's Motion for Sanctions requests that the Court strike Defendants' discovery responses, strike their pleadings, strike their witnesses, and enter a default judgment in favor of the Plaintiff and against Defendants (ECF No. 40 at 12). Plaintiff claims that such sanctions are warranted because Defendants provided no meaningful discovery despite this Court's Order to do so. Defendants oppose the Motion for Sanctions and contend that they have fully complied with the Order compelling discovery, at significant and disproportionate cost, and no bad faith has here been shown.

Plaintiff's Motion for Sanctions is predicated on the authority that Rule 37 grants to courts to impose sanctions for violating its orders and the rules pertaining to civil discovery. Rule 37 governs a party's failures to make disclosures or participate in discovery, and the imposition of sanctions related to discovery violations. Fed. R. Civ. P. 37. Specifically, Rule 37(b) provides courts with the authority to impose sanctions for a party's failure to comply with a court order to

permit or provide discovery. Fed. R. Civ. P. 37(b)(2)(A). Rule 37(b)(2) authorizes the following sanctions orders:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id.* Sanctions pursuant to Rule 37(b) may include the striking of pleadings or rendering a default judgment against the disobedient party. *Allstate Ins. Co. v. Palterovich*, No. 04-21402-CIV, 2008 WL 2741119, at *1 (S.D. Fla. Jul. 12, 2008). In order to impose the extreme sanction of a default judgment under Rule 27(b), the court must find that the violation was the result of willful or bad faith conduct, that the moving party was prejudiced by the disobedient party's failure, and that a lesser sanction would fail to punish the violation adequately or ensure compliance with future court orders. *Id.* (citing *Immuno Vital, Inc. v. Telemundo Grp., Inc.*, 203 F.R.D. 561, 571 (S.D. Fla. 2001)).

      Plaintiff's Motion for Sanctions is heavy on the accusations but light on identifying actual deficiencies in Defendants' discovery responses or articulating what discovery remains outstanding. A hearing was conducted for the purpose of drawing out what, if any, discovery Defendants had failed to turn over. Each of the deficiencies was addressed at the hearing, and are memorialized herein to the extent some relief was ordered based thereon. Ultimately, I found only one interrogatory answer deficient, and ordered supplemental answers to be made consistent with the understanding of the Request defined at the hearing.

Plaintiff complained first that Defendants, following the Order compelling them to produce discovery, have produced a million pages of discovery and forecast another production of another million pages yet to be made. Plaintiff's counsel contends this production is both too much and too little, as it is not limited to what he really sought from Defendants. The culprit of this massive production is Plaintiff's Request for Production of Documents No. 20, which requested *all* communications between all of Defendants' potential witnesses, whether by email or other electronic means. This is a facially overbroad request and Defendants' objection on this basis was substantially justified. However, apparently both sides interpreted the Order compelling production as overruling *all* objections asserted by Defendants; it did not. In noting that general objections are and would be disregarded, the undersigned did not in fact overrule Defendants' well-placed specific objections. Based on this misunderstanding, however, Defendants have endeavored to fully respond to the Request. My prior Order was clarified at the hearing, and no further production was ordered, based on counsel representation of the documents that have been produced from narrow searching.

Plaintiff raised deficiencies in Defendants' interrogatory answers but, as explained at the hearing, counsel's demand assumed Defendants' obligation to disclose and forecast how non-party witnesses would testify if called at trial. Plaintiff contends Defendants are obliged to summarize what testimony each witness will offer. This is a different question than what statements the witnesses *have made*, to whom and when; this is the information sought by Interrogatory No. 2, which Defendants have been ordered to supplement. No depositions were taken in this case, by either side; Plaintiff cannot bridge this informational gap by requiring Defendants to verify what someone else's testimony will be.

Having found this single deficiency in Defendants' supplemental answers, I considered whether this was sufficient to find that they had failed to comply with my Order compelling discovery and whether sanctions are warranted. I find that they have not and thus they are not. It bears noting here that Plaintiff's Motion for Sanctions does not seek as a form of relief supplemental answers, even as an alternative to the severe sanctions she does seek. Notwithstanding, to the extent necessary to cure the deficiency identified by the Court, Defendants have been ordered to supplement their[1] response to Interrogatory No. 2 within 5 days from the date of the hearing. No bad faith here is shown, and no basis for the sanctions Plaintiff seeks. Thus, in all other respects, the Motion for Sanctions is denied.

**DONE and ORDERED** in Miami, Florida this 31st day of July, 2021.

LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**

---

[1] As noted at the hearing, the Defendants may have different answers to Interrogatory No. 2.